JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

|  |  |
|---|---|
| **ANIA KARWAN,**<br><br>　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**POLISH NATIONAL ALLIANCE OF THE UNITED STATES OF NORTH AMERICA, et al.**<br><br>　　　　　　**Defendants.** | **Case No.: SACV 18-01495-CJC(KESx)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND TO STATE COURT [Dkt. 11]** |

## I. INTRODUCTION

Plaintiff Ania Karwan brings this wage-and-hour dispute against Defendant Polish National Alliance of the United States of North America ("PNA"). (Dkt. 1-4 [Second Amended Complaint, hereinafter "SAC"].) Plaintiff alleges that Defendant misclassified

her as an independent contractor and seeks recovery for unpaid wages, unpaid overtime, meal and rest period penalties, and necessary expenditures. (*See generally id.*) Plaintiff also asserts claims for retaliation, unfair business practices, and defamation. (*See generally id.*)

Before the Court is Plaintiff's motion to remand. (Dkt. 11 [hereinafter "Mot."].) For the following reasons, the motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff originally filed this action in Orange County Superior Court on May 1, 2017 against PNA, an Illinois corporation, and Polish National Alliance Lodge 3193, Inc. ("Lodge"), a California corporation. (Dkt. 1-2.) On July 24, 2017, Plaintiff offered to settle for a sum of $12,000, plus attorneys' fees. (Dkt. 11-1 [Declaration of Omar S. Anorga, hereinafter "Anorga Decl."] Ex. A.) The offer expired after thirty days. (*Id.*) On November 7, 2017, Plaintiff voluntarily dismissed Defendant Lodge, creating complete diversity. (Dkt. 13-7 Ex. B.)[2] At that time, Plaintiff did not respond to Defendant's request for a statement of damages. (Dkt. 13-1 [Declaration of Heather B. Dillion, hereinafter "Dillon Decl."] ¶ 2.)

On December 5, 2017, Defendant removed this matter to federal court for the first time. (Dkt. 13-8 Ex. C.) Plaintiff moved to remand, arguing that Defendant failed to

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for November 5, 2018, at 1:30 p.m. is hereby vacated and off calendar.

[2] Defendant requests the Court take judicial notice of court filings from this dispute in state court and on the first removal to federal court. (Dkt. 13-5.) These documents are the proper subject of judicial notice, as courts may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Defendant's request for judicial notice is GRANTED.

prove the amount-in-controversy was more than $75,000.  (Dkt. 13-9 Ex. D.)  Plaintiff refused to stipulate that she would not seek damages in excess of $75,000.  (Dillon Decl. ¶ 3.)  The District Court granted Plaintiff's motion to remand on February 8, 2018.

The parties were scheduled to start trial in state court on September 17, 2018.  (Anorga Decl. Ex. B.)  On July 24, 2018, Plaintiff offered to settle for $105,000.  (Dillon Decl. ¶ 4.)  Shorty afterwards, the state court denied Defendant's request for a continuance of trial.  (Mot. at 3.)  On August 22, 2018, Defendant removed the case to federal court for the second time.  (Dkt. 1.)

## III.  DISCUSSION

### A.    Removal

In general, a defendant may remove a case over which the federal courts have original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have diversity jurisdiction where there is complete diversity between the parties and the amount-in-controversy exceeds $75,000.  28 U.S.C. § 1332(a).  If a case is not removable under the initial complaint, a notice of removal may be filed within 30 days "from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  However, a case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."  *Id.* § 1446(c)(1).  Here, the one-year deadline applies because Defendant filed its notice of removal on August 22, 2018, more than one year after the action was filed on May 1, 2017.

The Ninth Circuit has not addressed the standard necessary to find "bad faith" under section 1446, but lower courts have concluded this requirement "sets a high threshold." *NKD Diversified Elecs., Inc. v. First Mercury Ins. Co.*, 2014 WL 1671659, at *3 (N.D. Cal. Apr. 28, 2014); *Hamilton San Diego Apartments, LP v. RBC Capital Mkts., LLC*, 2014 WL 7175598, at *3 (S.D. Cal. Dec. 11, 2014). In a different context, the Ninth Circuit has said that "[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996)). A party may also demonstrate bad faith by "delaying or disrupting the litigation or hampering enforcement of a court order." *Primus*, 115 F.3d at 649 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). As the removing party, Defendant bears the burden of establishing federal subject matter jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Here, Defendant has failed to prove that Plaintiff acted in bad faith to prevent removal of the action. Indeed, Plaintiff made an early, good-faith offer to settle for an amount well below the amount-in-controversy requirement. On July 24, 2017, Plaintiff made an offer to compromise for $12,000, plus attorneys' fees, pursuant to California Civil Procedure Code § 998, which provided Defendant thirty days to accept the offer. Given this early offer, the Court is not convinced Plaintiff acted in bad faith by previously moving to remand and refusing to stipulate that she sought damages of less than $75,000. *See Bolton v. U.S. Nursing Corp.*, 2012 WL 5269738, at *5 (N.D. Cal. Oct. 23, 2012) ("[A] plaintiff's refusal to stipulate to damages less than the amount in controversy is not evidence of bad faith forum shopping.").

The fact that, just weeks before trial, Plaintiff's settlement offer exceeded the amount-in-controversy does not mean that Plaintiff acted in bad faith to prevent removal.

There is no evidence that Plaintiff recklessly raised a frivolous argument, intended to harass Defendant, or delayed or disrupted litigation. *Cf. Primus*, 115 F.3d at 649. Plaintiff sent the demand letter after the completion of discovery and in the lead-up to trial. She explains that $75,000 of her $105,000 demand comes from attorneys' fees, due to Defendant's "overwhelming litigation" of this matter. (Dkt. 19 [Reply] at 4.) Contrary to Defendant's assertion, this is not a situation where the Plaintiff suddenly values her claims far above the amount-in-controversy. *Cf. Cameron v. Teeberry Logistics, LLC*, 920 F. Supp. 2d 1309, 1311, 1315–16 (N.D. Ga. 2013) (plaintiff expressly represented that her claims did not exceed $50,000, then sent a demand letter for $575,000 just four days after the one-year removal deadline); *Mitchell v. Amica Mut. Ins. Co.*, 2015 U.S. Dist. LEXIS 47186, at *6–8 (E.D. La. Apr. 10, 2015) (plaintiff refused to itemize her claims until after the one-year deadline). Rather, Plaintiff continues to estimate her damages at $30,000. Defendant has failed to meet its burden that Plaintiff acted in bad faith.

### B.     Attorneys' Fees

Plaintiff also seeks reasonable costs and attorneys' fees associated with the case's removal to federal court. A court may, at its discretion, award reasonable costs and attorneys' fees incurred as a result of removal. 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005). The Court declines to exercise its discretion to award attorneys' fees. Here, Plaintiff's $105,000 demand letter and her earlier refusal to stipulate to recovery below the amount-in-controversy provided an objectively reasonable basis for Defendant to believe that the amount-in-controversy requirement was met and Plaintiff was not acting in good faith.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**.  Plaintiff's request for attorneys' fees is **DENIED**.

DATED:     October 31, 2018

_____
CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE